IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORRIS W. JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 00-606-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 94-30131-PER |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

On July 18, 2002, the Court denied Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner raised, and the Court rejected, the following arguments: (1) his trial and appellate counsel were ineffective; (2) favorable evidence was not disclosed to him; and (3) police officers, the prosecuting attorney, trial counsel, and appellate counsel conspired to obstruct justice. The Memorandum and Order denying relief and the Judgment entered thereon were entered on the Court's docket on July 18, 2002. Petitioner did not file a notice of appeal.

On April 13, 2004, Petitioner filed a motion for relief under Federal Rule of Civil Procedure 60(b)(2) and (3),[1] which provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: … (2) newly discovered evidence which by due diligence could not have

---

[1] Through the Court's inadvertence, the motion was not docketed on the Court's docket until February 3, 2005.

> been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party … .

FED. R. CIV. P. 60(b)(2), (3). Rule 60(b) further provides:

> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

FED. R. CIV. P. 60(b). Petitioner has filed an 83-page motion with 18 exhibits based on an anonymous letter that he received in June 2003. Through this anonymous letter, he has obtained an affidavit from Carolyn J. White. He claims that this affidavit refutes the information used to obtain the search warrant that preceded his arrest and that it further supports his ineffective assistance of trial counsel claim.

Apparently, Petitioner believes that a motion filed under Rule 60(b)(2) is timely if it is filed within one year of the new evidence being discovered. But that is not the law. The rule clearly states that a motion filed under Rule 60(b)(2) or (3) must be filed within one year after the judgment, order, or proceeding was entered or taken. This is because "[a]llegations of fraud or of the discovery of new evidence seek to reopen the merits of the judgment and if they could be made at any time, judgments would be insecure." *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004). Therefore, Petitioner's motion, filed under Rule 60(b)(2) and (3), is untimely.

Even if his motion were timely, relief is not warranted. Petitioner contends that the true identity of the Government's confidential source is Carolyn White and that, contrary to the Government's position, she has never acted as a confidential informant. This evidence merely is cumulative of what already has been argued in this case regarding the issue of the identity of the confidential source, and such evidence would not likely produce a new result if a new trial were

ordered.  *See CMC Heartland Partners v. Union Pac. R.R.*, 78 F.3d 285, 293 (7th Cir. 1996).

For these reasons, Petitioner's motion for relief from judgment (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  04/03/06

                                                  s/ G. Patrick Murphy
                                                  G. PATRICK MURPHY
                                                  Chief United States District Judge